SUMMARY ORDER
Appellants challenge an order of the District Court, which held that the Bankruptcy Court had committed no manifest error or abuse of discretion when approving settlements related to the estate of debtor-appellee Adelphia Communications Corporation (“Adelphia”).[2] Debtor-appellee and appellees move pursuant to Rule 27 of the Federal Rules of Appellate Procedure to dismiss the appeal as equitably moot, or in the alternative, because the appeal constitutes an impermissible collateral challenge to a bankruptcy court’s sale order. See 11 U.S.C. § 36S(m). We assume the parties’ familiarity with the facts, procedural history and specification of issues on appeal.
Adelphia and appellees correctly argue that the circumstances surrounding this appeal have changed comprehensively during the pendency of this appeal. See In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir.1993). Additionally, the amici curiae Securities and Exchange Commission (the “SEC”) and the U.S. Department of Justice (the “DoJ,” collectively, the “government”) point to the fact that the government declined to pursue massive civil fines and forebore mandatory forfeiture and even the criminal indictment of parties and non-parties to this case, in order to obtain settlements that would facilitate the creation of a victim restitution fund to compensate defrauded investors.
Appellants did not seek a stay before the government substantially performed its settlement obligations and the transfer and subsequent sale of the RMEs, which created comprehensively changed circumstances. Since they did not pursue with diligence all available remedies to seek a stay of execution to the objectionable 9019 order, they must demonstrate that the relief they seek would not create inequitable results. See In re Chateaugay Corp., 10 F.3d 944, 949-50 (2d Cir.1993). They have made no such showing.
The DoJ and the SEC argue convincingly that the form of relief the appellants request would deny them — and only them — the benefits of their bargains in the four interrelated settlements approved by the 9019 order at issue. This would be grossly inequitable, given what the government bargained away to obtain. Appel *9 lants’ argument that the government bargained only to obtain exclusive control of the victim restitution fund in the event that no court found it to be in conflict with the creditor priorities of the bankruptcy code is meritless. The phrase in the settlement that indicated that the creation of the fund is “subject to an applicable court approval process” clearly referred to Judge Sand’s pending decision about whether to accede to the government’s request, pursuant to the settlement, to forebear mandatory forfeiture.
Appellants ask this court to give them the benefit of the doubt on the issue of equitable mootness so that we might reach the merits of this appeal. They allege that the issue of equitable mootness is a close one, and that the appeal would be decided in their favor should we reach the merits. We disagree. The relief requested by appellants would be inequitable as a consequence of their failure to seek a stay, which created comprehensively changed circumstances.[3]
We therefore dismiss the appeal.

. Appellee-cross-appellant challenges only the affirmance of that portion of the 9019 order reaffirming the existence of liens in property transferred to the Debtor during the pendency of the bankruptcy proceedings. This cross-appeal will be decided in a summary order issued simultaneously with this summary order.

. Any other form of relief, i.e., rescission of file agreements, would constitute an impermissible collateral challenge of the 363 orders. See 11 U.S.C. § 363(m); United States v. Salerno, 932 F.2d 117, 123 (2d Cir.1991).